IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JMO WIND DOWN, INC., | Case No. 16-10682 (BLS) |
| Debtor. | RE: D.I. 182, 253 and 276 |

**ORDER GRANTING THE MOTION OF CHAD STARKEY FOR AUTHORIZATION OF PAYMENT OF LOSS UNDER INSURANCE POLICY OR, IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY AND RELATED RELIEF**

Upon consideration of the *Motion of Chad Starkey for Authorization of Payment of Loss Under Insurance Policy or, in the Alternative, Relief from the Automatic Stay and Related Relief* (the "Motion") (D.I. 182), the *Debtor's Objection to the Motion of Chad Starkey for Authorization of Payment of Loss Under Insurance Policy or, in the Alternative, Relief from the Automatic Stay and Related Relief* (D.I. 253), the *Reply of Chad Starkey in Support of Motion for Authorization of Payment of Loss Under Insurance Policy or, in the Alternative, Relief from the Automatic Stay and Related Relief* (D.I. 276); and it appearing that the Court has jurisdiction to consider the Motion and the relief requested therein; and due notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor; it is hereby ORDERED that:

1. The Motion is GRANTED as set forth in this Order.

2. The Insurer[1] is hereby authorized to pay, in accordance with and subject to the terms and conditions of the Policy, the Defense Costs and other Loss of Chad Starkey.

3. With the exception of further challenging Mr. Starkey's relief from the automatic stay to access the proceeds of the Policy, all rights and defenses available under the Policy, at law and in equity of the Insurer and all other parties in interest including, but not limited to, the

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Motion.

Debtor, its estate, any successor in interest to the Debtor, any Chapter 7 trustee or any other trustee appointed by the Court and any liquidating trustee or other governing entity formed pursuant to a confirmed plan in this Chapter 11 Case (a "Plan") are preserved.

4. Mr. Starkey shall file a status report ("Status Report") with the Court on October 24, 2016, and every ninety (90) days ("Reporting Period") thereafter until the effective date of a Plan. After the effective date of a Plan, the Reporting Period shall be extended to 120 days. Mr. Starkey shall not be required to submit a Status Report if he no longer seeks coverage or payment under the Policy.

5. The Status Report shall include: 1) the total amount paid to Mr. Starkey under the Policy during the current Reporting Period and any previous Reporting Periods; 2) the total amount of payments requested by Mr. Starkey which have yet to be paid, or otherwise responded to, by the Insurer as of the date of the Status Report; 3) the total amount of payments estimated to be requested under the Policy during the next Reporting Period, which shall be the applicable Reporting Period immediately following the date on which Mr. Starkey is required to file the applicable Status Report; and 4) if Mr. Starkey or his counsel receive any formal or informal response to any Status Report (each a "Status Report Response"), Mr. Starkey shall provide a description of the Status Report Response and the resolution thereof, if any, in the next Status Report filed immediately following the receipt thereof. If the parties are unable to resolve any Status Report Response, after meeting and conferring, the party submitting the Status Report Response may seek judicial intervention.

6. Each Status Report shall be filed on the docket in this Chapter 11 Case and served on the following parties or in lieu thereof, their counsel, if known: (i) the Debtor, (ii) any successor in interest to the Debtor, (iii) any Chapter 7 trustee or any other trustee appointed by

the Court; (iv) any liquidating trustee or other governing entity formed pursuant to a confirmed plan in this Chapter 11 Case, (v) the Office of the United States Trustee, (vi) the Official Committee of Equity Security Holders, and (vii) all parties who have requested notice in this Chapter 11 Case pursuant to rule 2002 of the Federal Rules of Bankruptcy Procedure.

7.  Nothing contained in this Order shall modify or change any of the terms or conditions of the Policy, and all parties reserve their rights thereunder.

8.  This Court shall retain jurisdiction to hear and determine any and all matters arising from or related to the interpretation or implementation of this Order.

Date: August 3, 2016

Honorable Brendan L. Shannon
Chief United States Bankruptcy Judge