IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JMO WIND DOWN, INC.,[1] | Case No. 16-10682 (BLS) |
| Debtor. | RE: D.I. 631 |

## ORDER REGARDING REPORTING TO LIQUIDATING TRUSTEE OF UTLIZATION OF INSURANCE POLICY PROCEEDS

At a hearing that took place in this Court on December 13, 2017, on a motion filed by Chad Starkey [Doc. No. 631] and the Liquidating Trustee's objection to that motion [Doc. No. 634], an issue was raised regarding whether payments that are made by Hiscox Insurance Company, Inc. (the "Insurance Company") under Policy number UVA1466319.15 (the "D&O Policy") to or for the benefit of an Insured (as defined in the D&O Policy) should be reported to the Liquidating Trustee. The Court did not address this issue at the hearing, in part because counsel for the various Insureds, other than Mr. Starkey, were not present at the hearing. Instead, the Court suggested that counsel for the Liquidating Trustee confer with counsel for the Insureds and attempt to resolve the issue. This Order reflects an agreement between the Liquidating Trustee and each of the Insureds whose signature, by counsel, is set forth below.

WHEREAS, on October 21, 2016, this Court entered its Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Plan of Liquidation of JMO Wind Down, Inc. Pursuant to Chapter 11 of the Bankruptcy Code and Approving the Disclosure Statement on a Final Basis (the "Confirmation Order"); and

---

[1] The last four digits of the Debtor's tax identification number are 6822.

WHEREAS, the Confirmation Order specifically preserves the Insureds' rights under the D&O Policy and provides that "Notwithstanding anything to the contrary in the Plan or this Confirmation Order, no Insured (as defined in the D&O Policy) shall be required to seek relief from the automatic stay imposed by Bankruptcy Code section 362 or the injunction provisions set forth in the Plan and this Confirmation Order to make or pay a claim under the D&O Policy subject to the terms and conditions thereof." Confirmation Order ¶ 45; and

WHEREAS, nothing in the Plan or the Confirmation Order requires any insured to provide any notice of amounts paid under the D&O Policy; and

WHEREAS, notwithstanding the foregoing, the Liquidating Trustee, who asserts an interest in the D&O Policy, has requested that each Insured provide written notice to him of any amounts paid to such Insureds (or on their behalf) under the D&O Policy, and the undersigned Insureds have agreed to do so on the terms set forth in this Order, provided that the same requirement shall apply to all Insureds.

NOW, THEREFORE, IT IS HEREBY ORDERED BY THE COURT, AS FOLLOWS:

1. Each of the undersigned Insureds or their respective counsel, and any other Insured who receives any payments under the D&O Policy (whether made to such Insured or on such Insured's behalf), shall send a report to counsel for the Liquidating Trustee, Christopher A. Ward, Esq., by email to CWard@Polsinelli.com, once every three calendar months, by no later than 30 days after the end of the applicable three month period, setting forth the total amounts paid from the D&O Policy to such Insured or on such Insured's behalf (i) during the applicable three month period, and (ii) in total from and after the date of entry of the Confirmation Order (a "Quarterly Report"), provided, however, that any failure by an Insured to timely submit any such

Quarterly Report shall not give rise to any claims or defenses by any person or entity, including the Insurance Company. The first Quarterly Report shall be submitted by September 30, 2018 (for the period June through August, 2018).

2. The Liquidating Trustee shall maintain all Quarterly Reports in confidence and shall not file with the Court or otherwise disclose in any manner any Quarterly Reports or the contents thereof to any person for any reason, unless the Liquidating Trustee is ordered to do so by a Court of competent jurisdiction. If the Liquidating Trustee receives any request for disclosure of any Quarterly Report (or the contents thereof), or receives notice of any motion for a Court order requiring any such disclosure, the Liquidating Trustee shall promptly provide notice of such request or motion to each Insured whose Quarterly Report (or information contained therein) has been requested.

3. This Court shall retain exclusive jurisdiction to interpret and enforce this Order. Nothing in this Order shall confer any rights upon any person other than the Liquidating Trustee and the Insureds.

Dated: August 9, 2018

_____
UNITED STATES BANKRUPTCY JUDGE